UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 7:08-CV-127-KKC

TONY WEEMS                                                        PETITIONER

VS:                    **MEMORANDUM OPINION AND ORDER**

HECTOR RIOS                                                      RESPONDENT

Tony Weems is currently incarcerated in the United States Penitentiary-Big Sandy, which is located in Inez, Kentucky. He has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241.[1] The named respondent is H.A. (Hector) Rios, the warden of USP-Big Sandy.

This matter is now before the Court for screening. 28 U.S.C. §2243; *Harper v. Thoms*, 2002 WL 31388736, *1 (6th Cir. 2002). As the petitioner is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in a § 2241 petition are taken as true and liberally construed in favor of the petitioner. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001).

Under 28 U.S.C. §1915(e)(2), a district court can dismiss a case at any time if the court determines the action: (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

ALLEGATIONS OF THE PETITION

Weems was convicted of various crimes in the Superior Court of the District of Columbia. According to Weems' § 2241 petition, a twenty-four count indictment was handed down against him

---

[1] Weems has filed a nineteen-page petition for writ of habeas corpus, to which he has attached 150 pages of attachments [Record No. 2].

in April of 1990.[2] Weems states in his § 2241 petition that on advice of counsel, he entered an *Alford* plea to five lesser included offenses [*See* Record No. 2, p.5].

In this § 2241 petition, Weems attempts to challenge his conviction and sentence imposed in the Superior Court of the District of Columbia.  He claims that he received ineffective assistance of counsel when he entered the *Alford* plea. That claim would fall under the Sixth Amendment of the United States Constitution. He asserts that this Court should afford him relief from his judgment of conviction and sentence under 28 U.S.C. C. § 2241.

Weems asserts other challenges to his conviction, namely claims relating to alleged prosecutorial misconduct and the existence of exculpatory, "newly discovered" evidence. Broadly construed, those claims could be considered as due process challenges under the Fifth Amendment of the United States Constitution.

<u>DISCUSSION</u>

Review of the attachments to the § 2241 petition, and review of the Public Access to Electronic Records ("PACER") Website, reveals that in 2006, Weems filed a pervious § 2241 petition in the United States District Court for the District of Columbia, in which he apparently asserted the Sixth Amendment challenges to his conviction. *See* United States District Court for the District of Columbia, Civil Action No. 06-2226, *Tony Weems v. Tracey John, Warden*.

---

[2] Weems states that he was charged with committing the following crimes:
- (1)    Five counts of Armed robbery;
- (2)    One count of Assault with Intent to Kill;
- (3)    One count of Kidnaping while Armed;
- (4)    One count of Second degree Burglary with Intent to Assault;;
- (5)    One count of Second degree Burglary with Intent to Steal;
- (6)    Five counts of Assault with Intent to Commit Sodomy while Armed;
- (7)    Four counts of Rape while Armed; and
- (8)    Three counts of First degree burglary with intent to steal.

2

On December 28, 2006, Hon. Gladys Kessler entered a Memorandum Opinion and Judgment dismissing Weems's § 2241 petition. Judge Kessler stated as follows in the Memorandum Opinion:

> "Petitioner attacks his conviction in and the sentence imposed by the Superior Court of the District of Columbia. A challenge of this nature must be brought in an action in the Superior Court under D.C. Code § 23-110, which in relevant part provides:
>
> > [An] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by ... any Federal. .. court if it appears ... that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.
>
> D.C. Code § 23-11O(g). "Section 23-110 has been found to be adequate and effective because it is coextensive with habeas corpus." *Saleh v. Braxton*, 788 F. Supp. 1232 (D. D.C. 1992). It is settled that "a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is 'inadequate or ineffective to test the legality of his detention'" *Byrd v. Henderson*, 119 F.3d 34,36-37 (D.C. Cir. 1997) (internal footnote omitted); *Garris v, Lindsay*, 794 F.2d.722, 726 (D.C. Cir.), *cert. denie*d, 479 U.S. 993 (1986). A prisoner's lack of success in his previous attempts to collaterally attack his conviction and sentence by means of a motion under D.C. Code § 23-110(g) does not render this remedy inadequate or ineffective. *See Wilson v. Office of the Chairperson*, 892 F. Supp. 277, 280 (D. D.C. 1995).
>
> Accordingly, the Court will dismiss the petition. An Order consistent with this Memorandum Opinion will be issued separately on this date."

[*See* Weems's Attachment to § 2241 Petition, Record No. 2-5, pp. 10-11].

Weems then sought a "Certificate of Appealability" from the United States Court of Appeals for the District of Columbia. *See* the United States Court of Appeals for the District of Columbia, Appellate Case No. 07-5044, *Tony Weems (Appellant) v. Alberto Gonzales, Attorney General and John Tracey, Warden, (Appellees)*.   On July 13, 2007, the Court of Appeals for the D.C. Circuit entered an order dismissing Weems' request for a Certificate of Appealability under 28 U.S.C. § 2253(c). The appellate court concluded as follows:

> Because appellant has not made "a substantial showing of the denial of a constitutional right," *id*., no certificate of appealability is warranted. *See Slack v. McDaniel*, 529 U.S.

3

473, 484 (2000). Appellant may not challenge his District of Columbia conviction in federal court unless his remedy under D.C. Code § 23-11O(g) is inadequate or ineffective to test the legality of his detention. *See,e.g.*, *Blair-Bey v. Quick*, 151 F.3d 1036, 1042-43 (D.C. Cir. 1998). The § 23-110 remedy is not considered inadequate or ineffective, however, simply because the requested relief has been denied. *See Garris v. Lindsay*, 794 F.2d 722,727 (D.C. Cir.), *cert. denied*, 479 U.S. 993 (1986).

[*See* Weems's Attachment to § 2241 Petition, Record No. 2-6, p. 4].[3]

The doctrine of *res judicata* bars a subsequent action between the same parties or their privies based upon the same claims or causes of action that were, or could have been, raised in a prior action. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S. Ct. 2424 (1981); *Kane v. Magna Mixer Company*, 71 F.3d 555, 560 (6th Cir. 1995). *Res judicata* applies when there is "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Kane*, 71 F.3d at 560.

Here, it is apparent that in the instant § 2241 petition, Weems is attempting to assert the very same Sixth Amendment challenges to his sentence that he raised in this § 2241 petition which he filed in the United States District Court for the District of Columbia in 2006. The earlier § 2241 was adjudicated adversely to Weems. Under the doctrine of *res judicata*, Weems is bound by the determination reached in the United States District Court for the District of Columbia.

Weems is not allowed to re-litigate the same claims in this forum in the hopes of obtaining a favorable result. As Judge Gladys Kessler noted, Weems was required to have brought his post-conviction Fifth and or Sixth Amendment challenges in the Superior Court of the District of Columbia in accordance with the provisions of D.C. Code § 23-110.

The Court will deny Petitioner Weems's § 2241 with prejudice. Weems's Sixth Amendment

---

[3] On September 27, 2007, the United States Court of Appeals for the District of Columbia denied Weems's petition for rehearing [*See* Record No. 2-6, p.6].

claims have been conclusively adjudicated in another federal district court and the corresponding Court of Appeals. Weems has not asserted a legitimate claim in this Court under 28 U.S.C. § 2241. His petition will be denied with prejudice.

CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1)     Petitioner Tony Weems's petition for writ of habeas corpus [Record No. 2] is **DENIED**.

(2)     This action shall be **DISMISSED WITH PREJUDICE**, *sua sponte*, from the docket of the Court.

(3)     Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the respondent.

Dated this 19th day of September, 2008.

**Signed By:**

**_Karen K. Caldwell_**

**United States District Judge**

5