UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 7:08-CV-127-KKC

TONY WEEMS                                                              PETITIONER

VS:                    **MEMORANDUM OPINION AND ORDER**

HECTOR RIOS                                                            RESPONDENT


Currently before the Court for consideration is the "Motion to Correct Judgment Pursuant to Rule 59(e); and Declaration in Support" [Record No. 10] filed by Tony Weems, the *pro se* petitioner. Weems is currently incarcerated in the United States Penitentiary-Big Sandy, which is located in Inez, Kentucky.

PROCEDURAL HISTORY
1. The § 2241 Petition

On June 17, 2008, Weems filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241.The named respondent was Hector Rios, the warden of USP-Big Sandy.  In his § 2241 petition, Weems challenged his conviction and sentence imposed in the Superior Court of the District of Columbia.  He asserted claims of ineffective assistance of counsel under the Sixth Amendment of the United States Constitution.  Weems also claimed that his Fifth Amendment right to due process of law was violated by reason of prosecutorial misconduct.  He argued that this Court should afford him relief from his judgment of conviction and sentence under 28 U.S.C. C. § 2241 in light of newly discovered exculpatory evidence.

2. The Opinion and Order

On September 26, 2008, the Court entered a Memorandum Opinion and Order and Judgment, dismissing the petition for failure to state a claim upon which relief could be granted [Record Nos.

8 and 9].

In the Opinion and Order, the Court noted that Weems had been convicted of various crimes in the Superior Court of the District of Columbia. The Court determined that Weems had failed to properly challenge his conviction under D.C. Code § 23-110. In so doing, the Court referred to the December 28, 2006, opinion rendered by Judge Gladys Kessler of the United States District Court for the District of Columbia.[1] In that opinion, judge Kessler denied Weems's earlier petition for writ of habeas corpus.

This Court further noted that the United States Court of Appeals for the District of Columbia denied Weems' request for a Certificate of Appealability under 28 U.S.C. § 2253(c) after Judge

---

[1] The Court referred to United States District Court for the District of Columbia, Civil Action No. 06-2226, *Tony Weems v. Tracey John, Warden*, ("the D.C. Federal Court Proceeding"). In the Order dismissing the D.C. Federal Court Proceeding, Judge Kessler stated:

"Petitioner attacks his conviction in and the sentence imposed by the Superior Court of the District of Columbia. A challenge of this nature must be brought in an action in the Superior Court under D.C. Code § 23-110, which in relevant part provides:

[An] application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section shall not be entertained by ... any Federal. .. court if it appears ... that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

D.C. Code § 23-11O(g). "Section 23-110 has been found to be adequate and effective because it is coextensive with habeas corpus." *Saleh v. Braxton*, 788 F. Supp. 1232 (D. D.C. 1992). It is settled that "a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is 'inadequate or ineffective to test the legality of his detention'" *Byrd v. Henderson*, 119 F.3d 34,36-37 (D.C. Cir. 1997) (internal footnote omitted); *Garris v, Lindsay*, 794 F.2d.722, 726 (D.C. Cir.), *cert. denie*d, 479 U.S. 993 (1986). A prisoner's lack of success in his previous attempts to collaterally attack his conviction and sentence by means of a motion under D.C. Code § 23-110(g) does not render this remedy inadequate or ineffective. *See Wilson v. Office of the Chairperson*, 892 F. Supp. 277, 280 (D. D.C. 1995).

Accordingly, the Court will dismiss the petition. An Order consistent with this Memorandum Opinion will be issued separately on this date."

[*See* Weems's Attachment to § 2241 Petition, Record No. 2-5, pp. 10-11]

2

Kessler dismissed the earlier petition. This court therefore dismissed Weems's § 2241 petition because, as Judge Gladys Kessler determined, Weems was required to have brought his post-conviction Fifth and/or Sixth Amendment challenges in the Superior Court of the District of Columbia in accordance with the provisions of D.C. Code § 23-110.

3. "<u>Motion to Correct Judgment Pursuant to Rule 59(e)</u>"

Weems has filed a motion asking the Court to reconsider the dismissal of the § 2241 petition. Weems alleges generally that the dismissal of the § 2241 was prejudicial to him. His main argument, however, addresses alleged problems with mail delivery of pleadings which he states he filed in the D.C. Federal Court proceeding. He alleges that Judge Kessler denied motions he filed before they were received by the Clerk of the Court. He further challenged Judge Kessler's partiality and claimed that she acted outside of her jurisdiction in denying his motions in the D.C. Federal Court proceeding. Because of the alleged inherent deficiencies with Judge Kessler's rulings, Weems argues that he is entitled to an evidentiary hearing on his claims in the § 2241 petition filed in this Court.

<u>DISCUSSION</u>

A district court will grant reconsideration only if the movant shows "(1) a clear error of law; (2) newly discovered evidence that was not previously available to the parties; or (3) an intervening change in controlling law." *Owner-Op. Indep. Drivers Ass'n v. Arctic Express*, 288 F. Supp. 2d 895, 900 (S. D. Ohio 2003) (citing *GenCorp v. AIU*, 178 F.3d 804, 834 (6th Cir. 1999)). Reconsideration may also be appropriate where the court fundamentally misapprehended the nature of the issues raised by the parties. *Cf. Braxton v. Scott*, 905 F. Supp. 455 (N.D. Ohio 1995).

Conversely, a motion for reconsideration is not a vehicle to re-hash old arguments, or to

proffer new arguments or evidence that the movant could have brought up earlier. *See Smith v. Mt. Pleasant Pub. Schs*., 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). *See, e.g., Prater v. Con-Rail*, 272 F. Supp. 2d 706, 710 (N.D. Ohio 2003) (denying reconsideration of order excluding physician's testimony, as movant could have presented evidence of his qualifications in opposing motion in limine but failed to do so).

Applying that standard to the current motion, the Court notes that Petitioner Weems is barred from using this Court's §2241 jurisdiction to challenge his criminal judgment rendered in District of Columbia, unless he can prove that his remedy by a §2255 motion to that court to vacate, alter, or amend the judgment is inadequate or ineffective to challenge the legality of his detention. *See* 28 U.S.C. §2255, ¶5; *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999); *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003).

The Section 2255 remedy is not rendered an "inadequate and ineffective" remedy where the prisoner missed an earlier opportunity to correct a fundamental defect in his conviction under pre-existing law. *Charles*, 180 F. 3d at 756; *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002). Nor may it be used simply because the prisoner presented his claim in a prior post-conviction motion under Section 2255 and was denied relief. *Charles*, 180 F.3d 756-758.

In Weems's case, he failed to follow the requisite post-conviction steps under D.C. Code § 23-110. Weems either raised, or could have raised, the issues set forth in the instant § 2241 petition when he appealed Judge Kessler's Order to the United States Court of Appeals for the District of Columbia. The appellate court denied Weems a Certificate of Appealability, finding that Weems had not made a substantial showing of the denial of a constitutional right. Under *Charles*, the remedy afforded under §2241 is not an additional, alternative, or supplemental remedy to that prescribed

4

under §2255.

Additionally, Weems cites *Stump v. Sparkman*, 435 U.S. 349, 356-362 (1978). He complains that Judge Kessler acted outside of the scope of her judicial authority. To that extent, Weems appears to be asserting claims which would fall under the ambit of a civil rights action, not a petition for writ of habeas corpus under 28 U.S.C. § 2241. A petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 may only challenge execution of sentence, such as the computation of parole or sentence credits. *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979).[2]

Accordingly, Weems has not satisfied the criteria set forth in Rule 59(e). The Court will not set aside or amend or set aside the Memorandum Opinion and Order in this case.

<u>CONCLUSION</u>

Accordingly, the Court being advised, **IT IS ORDERED** that the "Motion to Correct Judgment Pursuant to Rule 59(e); and Declaration in Support" [Record No. 10], filed by Petitioner Tony Weems, is **DENIED**.

Dated this 8th day of October, 2008.

**Signed By:**

_**Karen K. Caldwell**_

**United States District Judge**

---

[2] Venue would not lie in this district over civil claims against Judge Kessler. Any such claims would have to be asserted in the United States District Court for the District of Columbia. *See* 28 U.S.C. § 1391(b)(2).

5